Our fourth case this morning is United Natural Foods v. Teamsters Local 414. Thank you, Your Honors, opposing counsel, and may it please the Court, my name is David Blank, and I'm appearing on behalf of the appellant, Teamsters Local 414. Your Honors, the collective bargaining agreement between Local 414 and the appellee, United Natural Foods, which contains both a no-strike, no-lockout clause and an arbitration clause, expired on September 14th of 2019. In December of 2019 and July of 2020, Local 414 and its members went on strike. In January of 2021, 13 months after the first strike, United Natural Foods sued Local 414 in federal court for breach of contract, claiming that the agreement's no-strike, no-lockout clause was still in effect during Local 414's strikes pursuant to Article 3503 of the agreement. The sole issue on appeal is whether United Natural Foods should be required to pursue those claims in arbitration rather than in federal court, pursuant to Article 3503. Mr. Zwing, I'm sorry, why doesn't the initial language in Section 14, colon 01, referring expressly and solely to the agreed employee limit, the subsequent broad language you rely on regarding disputes over the meaning and application of the agreement? Thank you, Your Honor, there are a few reasons for that. 1401, which is in the Joint Appendix at page 30, doesn't actually use the word grievance at all, and that's not the arbitration clause. The arbitration clause is in 1402, Step 4, which is on Joint Appendix 31. And that allows, in two instances, either party to initiate arbitration. You have the first sentence, which says, in the event the Labor Management Council cannot reach an agreement, the grievance may be submitted by either party to the FMCS. Two sentences later, it says, if either party elects to pursue the case to FMCS, the arbitrator shall be picked as follows. And then at the end of the arbitration clause, it says, there shall be no lockouts, strikes, or work stoppages pending the settlement of the grievance in the manner above outlined. So the arbitration clause in this contract, which is the clause under the microscope that this court has held in the airline pilot's case, is what we have to look at, and it's clearly a bilateral arbitration clause. Both parties have agreed not to sue each other. It's the final step in the grievance process. It doesn't stand alone. It's not a stand-alone arbitration clause. Your Honor, that's true, but there's no, I think, bad argument. You're treating it as a stand-alone arbitration clause governing all disputes between the plaintiff and management, and that's just not the case. It's the final step in the grievance process, which is clearly employee-centric by virtue of the language that Judge Rovner referred to in the first and second paragraphs. And that language is even stronger than the language that is shown in the faultless case from way back in 1975, and the weaker employee-centric language in that case was sufficient for the court to say that the dispute was not arbitrable. And so if that weaker language in faultless was enough, then this very strong language demonstrating that the grievance process and the end-stage arbitration of a grievance has to do with disputes between individual employees and management. Thank you, Your Honor. I have two responses to that. I think that the language in faultless was much stronger, indicating the party's desired intent that only the union could initiate arbitration, because it said three times in the contract that the union, only the union. That language is not here, and that is a major distinguishing factor from this case to faultless. Also, none of the Supreme Court precedent that we're relying on, which is the Steelworkers Trilogies, Drake Bakeries, and even Atkinson, says that the pre-arbitration processing procedure has any bearing on the question of whether a particular dispute is arbitrable. The universal theme in all of those cases, and that even culminates in the Supreme Court's decision in 2010 in Granite Rock, is that what matters for purposes of the substantive arbitrability determination is the nature of the dispute, the subject matter of the dispute, not the pre-arbitration procedures that the contract sets out for getting the dispute to arbitration. Those pre-arbitration procedures are a matter of procedural arbitrability, which does not bear on the question of substantive arbitrability, and the Supreme Court held that in 1964 in John Wiley and Sons against Livingston. In that case, so the argument that the dispute is not arbitrable because the agreement doesn't set forth the process for United Natural Foods to pursue its dispute before arbitration, that should be rejected as irrelevant to the substantive arbitrability analysis. Well, again, that argument treats the arbitration clause in this contract as a standalone arbitration clause, which it is not. It's the final step in the grievance process that's very clear from the language used, and arbitration is a creature of contract and is bound by the contractual terms that the parties agreed to, so the duty to arbitrate arises from the contract, and if this dispute doesn't fall within the scope of Article 14 read as a whole, not in isolated clauses or paragraphs, then it's not arbitrable. Let me ask you another way. Where in the contract do you find, if you say it's a matter of subjects, where do you  That would be in 14.01. Any occurrence, difference, dispute, or complaint arising over the interpretation or application. But Judge Sykes, Chief Judge Sykes has just discussed 14.01 is connected to these clauses that come before. Is there some other place in the contract we should be looking for what subjects are arbitrable? Anything that is arising under this contract is going to be arbitrable. Any dispute that Teamsters Local 414 has with United Natural Foods over the interpretation or application of the terms of this contract is going to be a dispute that is arbitrable, and we have that. Why then would the parties have placed it in the contract in Step 4 only, rather than as a standalone clause? I don't know. I can't answer that question, but what I can tell you is that this court has stated, when we're looking at whether a certain dispute is substantively arbitrable, you look at the arbitration clause. That's the clause under the microscope here, and it says either party twice, and it's not limited to grievances, which is not even defined in 14.01. It says either party twice, so at the very least we have doubt, because, Your Honor, I can't think of any circumstance in which an employer would submit an employee's grievance to arbitration that it has denied. I can tell you that does not happen, and that would be an unreasonable interpretation of the arbitration clause. The more reasonable interpretation would be to say, this gives United Natural Foods the right to take its claims against Local 414 to arbitration. I'll reserve the remaining time for rebuttal. Thank you. That's fine. Thank you. Good morning. May it please the Court. Noah Lipschultz on behalf of United Natural Foods, Inc. I think the court is tracking what the district court did here and what we've been arguing all along, which is you need to read the antecedent steps of the grievance and arbitration clause to understand what it is that may be arbitrated. Isolating step four only and focusing on language that says either party may refer a grievance to arbitration is not the analysis that courts perform. Instead, it is to read the article as a whole and understand the antecedent steps of what it is to be arbitrated. And when you look at it through that lens, it is clear that a grievance begins with an aggrieved employee, any discussion with that individual's supervisor about any occurrence or difference or disputes about the interpretation or application of the collective bargaining agreement. And then everything flows from there. The union enters the fray at step one if the matter cannot be resolved between the employee and the supervisor, and that makes sense under section 9A of the National Labor Relations Act, 29 U.S.C. 159A, which states that the union is the exclusive representative of the employee for all purposes of collective bargaining, and while an employee may directly adjust grievances with the employer consistent with the collective bargaining agreement, the union has to be allowed an opportunity to participate as the collective bargaining representative. And so what the parties negotiated here is not the language that the union claims it wants, but what they negotiated is a dispute resolution mechanism between the employee and the employer in the first instance, and then the union as the legal representative beginning at step one. And if you read all the steps that follow, they all point back to the preceding step. That's why it says that the parties should identify the information and participants that are relevant to the preceding step, and each step along the way refers back to the preceding step. Now, when you culminate an arbitration, and this is, I want to make this point because this was addressed in their reply brief, counsel speculates that it doesn't make sense for an employer to initiate arbitration of a grievance it denied, and that's just simply untrue. In the Elkhury Treatise on How Arbitration Works, which they cite, it states that prior awards of arbitrators can be of value to parties who negotiate. Knowledge of how specific clauses have been interpreted by arbitrators will help negotiators avoid pitfalls in the use of agreement language. So when the parties sit down to bargain a successor agreement, one of the first things they do is look at have we had any arbitrations that have helped inform interpretation of Elkhury is also called arbitral decisions authoritative if not binding. Think of it this way. For a court of appeals or the U.S. Supreme Court, litigants are always making choices, is this case the right vehicle to tee up a particular issue? Parties to a collective bargaining agreement do the same thing. If they have repeated grievances, even if the employer is denying them, the employer may say we need an up or down ruling from an arbitrator to get further guidance to end this dispute once and for all. So it's not remarkable at all to have the employer have the ability to advance an employee-initiated grievance to arbitration. And that was the case, by the way, in G.T. Scheldahl, the First Circuit case from 1968. There you had an employee-oriented grievance procedure culminating in arbitration with either party having the right to say we want this dispute arbitrated, even though it was And I just would like to point out two other clauses that support our interpretation that were not discussed. Is it your position that the contract does allow United to initiate arbitration of anything, it just doesn't require it to? Is that what you're saying now? No, no, Your Honor. What I'm saying is that UNFI is allowed to initiate arbitration of a grievance as that arrives at step four. So it's only allowed. But not anything unrelated to a grievance. Correct. United is only able to call for arbitration of an employee-initiated grievance from 14.01 advanced by the union through 14.02 in step two and step three. That is the only thing that they have the right to call for arbitration on. So there would be, can you think of any situation where management would submit a dispute like this to arbitration? So as I was just saying, Your Honor, there may be a situation, let me try to give you an example. There may be a situation where there's a dispute about overtime assignment and how that is handled under the contract. Say the parties cannot agree on the language of the overtime article and the union keeps filing grievances and maybe they settle or maybe they're not arbitrated for whatever reason because the union doesn't want to pursue it or the company decides to settle it. The company may decide when the next grievance regarding the overtime article comes around, you know what, we've had enough of these grievances, it's time to arbitrate it and obtain guidance from an arbitrator. Is our interpretation correct or is the union's correct? And then when we get that guidance, either the union or the company can take that guidance into the next negotiations and say, we do or do not need to change this language depending on how an arbitrator interpret it. So that would be an example where the company may want to initiate, even though it's denying it breached the contract. It may say, you know, we've had enough of these now, we need help. And the company would not be using Article 14 as a vehicle for that, in that case? The company would only be using Step 4 of something it is not allowed to initiate. So the company is not allowed to file a grievance over the overtime article. It's allowed to respond to a grievance filed by the employee or the union and then that And then the employer or the union can decide this is the right vehicle to tee up this legal issue. And the two other clauses I just want to point to that were not mentioned in the initial discussion is when you look at 14.03 and 14.05 that talk about the remedial authority of the arbitrator, it points only in one direction and that is in the direction of relief to the employee. That's why it talks about making the employee whole, right? Including compensation for wages and benefits. That's why it talks about in 14.05, the senior individual who files a grievance shall receive pay if the grievance is sustained. It actually says the senior man. It does. A little outdated language, Your Honor, in my opinion, but that's what it says. And it points only in one direction. I'm sorry. It's just so funny, isn't it, that you had the bad luck to get three of us. I consider it fortunate, Your Honor. This must be carried over from like the 60s or 70s, right? It may be as old as faultless or older, who knows? So, I think that the reason the district court should be affirmed here, just in conclusion, is that it properly construed the article as a whole. And it concluded that what can be arbitrated is only a grievance as defined by the antecedent steps. And you cannot divorce step four from the remainder of the grievance and arbitration provision. And therefore, we believe the court should be affirmed. I'm going to yield the rest of my time unless there are additional questions from the panel. All right. Thank you very much. Thank you. Mr. Flink. Thank you, Your Honor. If I could, with my time remaining, I'd like to make one, maybe two points. In addition to being nonsensical, in our view, of the employer taking an employee's grievance to arbitration, it also proves too much, Your Honors, because even United Natural Foods admits in its brief that a union-initiated claim, as opposed to one brought on behalf of an employee, a claim of the union's own, could be arbitrated. Well, if that's the case, that doesn't follow its very restrictive interpretation of the arbitration clause either. And so it's not a reasonable interpretation to say that the either party language only gives United Natural Foods the right to take an employee's grievance to arbitration, because that would mean the union could never take its own claim to arbitration, which United Natural Foods does not even advocate. Thank you. Thank you very much. Our thanks to all counsel. The case is taken under advisement, and we'll take another brief recess before calling the last two cases this morning.